IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRIA MADDOX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| **CBE GROUP, INC.,** ) | _____ |
| ) | |
| **Defendant.** ) | |
| ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant CBE Group, Inc. ("Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Defendant respectfully states as follows:

## I. **PROCEDURAL HISTORY**

1.  Plaintiff Bria Maddox (the "Plaintiff") commenced this action on or about April 19, 2017, by filing a Statement of Claim and Complaint ("Complaint") against Defendant in the Magistrate Court of Fulton County, Georgia, Civil Action File No. 17 MS087703.

2.  The Complaint was served on Defendant on April 26, 2017.

3.  Plaintiff's Complaint purports to assert claims against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and in connection therewith seeks various damages, including fees, costs, and statutory damages. (*See generally* Complaint). Specifically, Plaintiff alleges that Defendant placed calls to her wireless phone number using an automatic telephone dialing system without her consent in violation of the TCPA.

4.  This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Defendant based upon an alleged violation of the TCPA, which is a federal consumer protection statute.  [*See* Complaint; *see also* 47 U.S.C. § 227, *et seq.*]

7.      Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court. *See Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 387 (2012) ("Because federal law creates the right of action and provides the rules of decision, Mims's TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris [es] under' the 'laws ... of the United States.'").

## III. ADOPTION AND RESERVATION OF DEFENSES

8.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative

matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under O.C.G.A. § 9-11-12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True and correct copies of "all process, pleadings, and orders" served upon Defendant to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

11. This Notice of Removal is filed within thirty days after service on Defendant of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

12. Defendant has heretofore sought no similar relief.

13. The United States District Court for the Northern District of Georgia, Atlanta Division, is the court and division embracing the place where this action is pending in state court.

14. Promptly after the filing of this Notice of Removal, Defendant is filing a copy of same with the clerk of the Magistrate Court of Fulton County, Georgia, as well as a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal will also promptly be served upon counsel for Plaintiff.

15. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 25th day of May, 2017.

      */s/ Rachel R. Friedman*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorneys for Defendant
CBE GROUP, INC.

## **CERTIFICATE OF COUNSEL**

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

29738029 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2017, a true and correct copy of the foregoing document has been served via United States First Class Mail, postage prepaid, on the following:

Bria Maddox
1925 Monroe Drive NE #1705
Atlanta, GA 30324

                                          */s/ Rachel R. Friedman*
                                          Of Counsel